**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-1578

HARTFORD CASUALTY INSURANCE COMPANY,

Plaintiff - Appellee,

v.

DAVIS & GELSHENEN, LLP; JOHN J. GELSHENEN, JR.,

Defendants - Appellants.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:17-cv-00182-MOC-DSC)

Submitted:  February 13, 2020                                Decided:  March 10, 2020

Before WILKINSON, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard L. Pinto, PINTO COATES KYRE & BOWERS, PLLC, Greensboro, North Carolina, for Appellants.  Christopher C. Frost, John A. Little, Jr., MAYNARD, COOPER & GALE, P.C., Birmingham, Alabama, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Davis & Gelshenen, LLP, and John J. Gelshenen, Jr., (collectively, "Gelshenen Law") appeal the district court's order granting Hartford Casualty Insurance Company's ("Hartford") Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. We affirm.

In 2016, Gelshenen Law was named as a defendant, among others, in a single-count putative class action ("underlying action"). The plaintiffs—drivers who had been involved in automobile accidents in North Carolina—alleged that the defendants violated the Driver's Privacy Protection Act of 1994 ("DPPA"), 18 U.S.C. §§ 2721-2725 (2018), by obtaining, without consent, the plaintiffs' names and addresses from official accident reports submitted to the Department of Motor Vehicles and using that information to mail advertisements for legal services to the plaintiffs.

Hartford, who had issued a series of business-liability policies to Gelshenen Law between June 2011 and June 2017, filed a complaint, seeking a declaratory judgment that, under those policies, it has no duty to defend or indemnify Gelshenen Law in the underlying action. *See* 28 U.S.C. §§ 1332(a)(1), 2201 (2018). Hartford moved for judgment on the pleadings, arguing that the underlying action unambiguously falls within two exclusions to the policies. The first excludes coverage for personal and advertising injury arising out of the violation of an individual's right to privacy created by any state or federal act, unless the insured would have been liable even in the absence of such state or federal act ("the privacy exclusion"). The second excludes coverage for personal and advertising injury arising directly or indirectly from a statute, ordinance, or regulation that prohibits or limits sending, transmitting, communicating, or distributing material or information ("the

2

communications exclusion"). The district court concluded that the underlying action falls squarely within both exclusions and, therefore, granted Hartford's motion for judgment on the pleadings and dismissed the action.

"We review de novo the district court's ruling on a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019) (alteration and internal quotation marks omitted). In so doing, "we must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* (internal quotation marks omitted). We also consider documents attached to the complaint or motion "so long as they are integral to the complaint and authentic." *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019) (internal quotation marks omitted). "A motion for judgment on the pleadings is properly granted if it appears certain that the [nonmoving party] cannot prove any set of facts in support of its claim entitling it to relief." *Pulte Home Corp. v. Montgomery Cty.*, 909 F.3d 685, 691 (4th Cir. 2018) (alterations and internal quotation marks omitted).

"Pursuant to North Carolina law," which the parties do not dispute applies here, "the interpretation of an insurance policy is a question of law" for the court. *State Auto Prop. & Cas. Ins. Co. v. Travelers Indem. Co. of Am.*, 343 F.3d 249, 254 (4th Cir. 2003). An insurance policy is a contract, and, "[a]s with all contracts, the object of construing an insurance policy is to arrive at the insurance coverage intended by the parties when the policy was issued." *Harleysville Mut. Ins. Co. v. Buzz Off Insect Shield, L.L.C.*, 692 S.E.2d 605, 612 (N.C. 2010) (internal quotation marks omitted). "When the policy language is

3

clear and unambiguous, a court is required to enforce the policy as written." *Cont'l Cas. Co. v. Amerisure Ins. Co.*, 886 F.3d 366, 371 (4th Cir. 2018). North Carolina courts resolve "any ambiguity in the words of an insurance policy against the insurance company," "construe[] liberally insurance policy provisions that extend coverage so as to provide coverage, whenever possible by reasonable construction," and "strictly construe against an insurance company those provisions excluding coverage under an insurance policy." *Harleysville Mut. Ins. Co.*, 692 S.E. 2d at 612 (internal quotation marks omitted).

"An insurer's duty to defend is ordinarily measured by the facts as alleged in the pleadings" in the underlying action, and "its duty to pay is measured by the facts ultimately determined at trial." *Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co.*, 340 S.E.2d 374, 377 (N.C. 1986). Thus, "[w]hen the pleadings state facts demonstrating that the alleged injury is covered by the policy, then the insurer has a duty to defend, whether or not the insured is ultimately liable." *Id.* But, "when the pleadings allege facts indicating that the event in question is not covered, and the insurer has no knowledge that the facts are otherwise, then it is not bound to defend." *Id.* "[T]o determine whether the events as alleged are covered or excluded," courts "apply the comparison test, reading the policies and the complaint side-by-side." *Harleysville Mut. Ins. Co.*, 692 S.E.2d at 610 (internal quotation marks omitted).

"[T]he insured has the burden of bringing itself within the insuring language of the policy." *Kubit v. MAG Mut. Ins. Co.*, 708 S.E.2d 138, 147 (N.C. Ct. App. 2011) (alteration and internal quotation marks omitted). If the insured meets this burden, the insurer must "prove that a policy exclusion excepts the particular injury from coverage." *Id.* (internal

4

quotation marks omitted).  If the insurer is successful, the burden shifts back to the insured to "prov[e] that an exception to the exclusion exists and applies to restore coverage." *Home Indem. Co. v. Hoechst Celanese Corp.*, 494 S.E.2d 774, 783 (N.C. Ct. App. 1998).

We previously affirmed a district court's order concluding that Hartford had no duty to defend or indemnify one of Gelshenen Law's codefendants in the underlying action because the DPPA claim unambiguously falls within an identical privacy exclusion. *See Hartford Cas. Ins. Co. v. Ted A. Greve & Assocs., PA*, 742 F. App'x 738 (4th Cir. 2018 (No. 17-2407) ("Greve").  Gelshenen Law does not attempt to distinguish that case, and we conclude that the same reasoning applies here.  Thus, because the privacy exclusion precludes coverage, Hartford has no duty to defend or indemnify Gelshenen Law under the policies at issue.[*]  We also find no merit to Gelshenen Law's argument that Hartford's motion for judgment on the pleadings was premature.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Because the privacy exclusion applies, we need not consider whether the communications exclusion also precludes coverage.